United States District Court
Southern District of Texas
**ENTERED**
February 27, 2024
Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| ANDREW TODD FRIEDMAN, § | |
| *Plaintiff* § | |
| § | |
| V. § | CIVIL ACTION NO. 4:24-CV-0387 |
| § | |
| UNITED STATES OF AMERICA, § | |
| *Defendant.* § | |

## MEMORANDUM AND RECOMMENDATION

On February 1, 2024, Plaintiff filed a form "Complaint for a Civil Case" against the United States of America. ECF 1. The docket reflects that Plaintiff paid the filing fee but did not request the issuance of a summons. Plaintiff states as the basis for federal jurisdiction that this is a "Freedom of Information and Privacy Act request for documents pertaining to firearm shooting allegations of United States Presidents on their inauguration day." *Id.* at 3. Plaintiff further states "I believe I have used a firearm to shoot in self defense, and on three different occasions Presidents of the United States of America" on their inauguration date. *Id.* at 4. Having reviewed the Complaint, the Court RECOMMENDS that this case be dismissed with prejudice because it is frivolous and fails to state a claim for relief.[1]

The court possesses the inherent authority to dismiss an action sua sponte

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 2.

without motion by a defendant as long as the procedure is fair. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962)); *See Gaffney v. State Farm Fire and Cas. Co.*, 294 Fed. App'x 975, 977 (5th Cir. 2008) (recognizing inherent authority to dismiss sua sponte for failure to state a claim as long as the procedure employed is fair).  Generally, the sua sponte dismissal procedure is fair if the plaintiff had notice of the court's intention to dismiss and an opportunity to respond. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) ("fairness in this context requires both notice of the court's intention and an opportunity to respond" (citation omitted)); *Anokwuru v. City of Houston*, 990 F.3d 956, 967 (5th Cir. 2021).  The procedure for sua sponte dismissal in this case is fair because this Memorandum and Recommendation puts Plaintiff on notice of the Court's intention and Plaintiff has 14 days to file an objection and explain why his case should be allowed to proceed.  *See Anokwuru*, 990 F.3d at 967 (plaintiff that filed objections to magistrate judge's recommendation undoubtedly had notice and opportunity to respond before dismissal).[2]

Plaintiff filed a similar type of case over twenty years ago that was dismissed as legally frivolous. *Andrew Todd Friedman v. United States of America*, Civil Action No. H-01-2447, slip op. August 3, 2002 (ECF 4 Order of Dismissal).  As the

---

[2] In the alternative, at the discretion of the District Judge, the Court recommends dismissal be without prejudice for failure to prosecute because Plaintiff has not paid the filing fee or effected service. *Davoodi*, 755 F.3d at 310 n.1 (the Fifth Circuit recognizes an exception to the need to notice and opportunity to respond if dismissal is without prejudice).

district court in that prior case ruled, "Plaintiff cannot sue the federal court system to obtain information under the Freedom of Information Act." The Complaint fails to state a cognizable claim for relief. It does not allege any conduct by any officer or agency of the United States and does not identify a cause of action.

For the above reasons, the Court RECOMMENDS that the District Judge sua sponte dismiss this case with prejudice.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on February 27, 2024, at Houston, Texas.

                                              Christina A. Bryan
                                              United States Magistrate Judge