United States District Court
Southern District of Texas
**ENTERED**
April 30, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREW TODD FRIEDMAN, | § § § | CIVIL ACTION NO 4:24-cv-00387 |
| Plaintiff, | § § § | |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| UNITED STATES OF AMERICA, | § § | |
| Defendant. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Andrew Todd Friedman filed a *pro se* form "Complaint for a Civil Case" against the United States of America with respect to a Freedom of Information Act request. Dkt 1. The matter was referred for pretrial management to Magistrate Judge Christina Bryan. Dkt 2.

Pending is a Memorandum and Recommendation by the Judge Bryan dated February 27, 2024. Dkt. 3. She recommends that this case be dismissed with prejudice as frivolous and for failure to state a claim for relief. Id.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC § 636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed a four-sentence "Declaration" on March 14, 2024, stating belief that "justice has been obstructed and there may have been a bill of attainder," and that he has "been wrongfully denied property and protection." Dkt 4. He also briefly reiterates a FOIA request, but without addressing the merits of the Memorandum and Recommendation.

Rule 72(b)(2) of the Federal Rules of Civil Procedure requires parties to file "specific written objections to the proposed findings and recommendations." Plaintiff's declaration is inadequate in this respect, as it isn't a specific written objection the Memorandum and Recommendation. Regardless, to the extent construable as objections, they are inadequate as being stated in only conclusory terms or general in nature. See *Battle v United States Parole Commission*, 834 F2d 419, 421 (5th Cir. 1987); *United States v Ervin*, 2015 WL 13375626, at *2 (WD Tex), quoting *Arbor Hill Concerned Citizens Neighborhood Association v County of Albany*, 281 F Supp 2d 436, 439 (ND NY 2003).

No clear error appears upon review and consideration of the Memorandum and Recommendation, the record, and the applicable law.

The putative objections have also been considered *de novo*, and it is further determined that they lack merit for the reasons stated by the Magistrate Judge.

To the extent the declaration may be construed as presenting objections, they are OVERRULED. Dkt 4.

The Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 3.

This case is DISMISSED WITH PREJUDICE.

A final judgment will issue by separate order.

SO ORDERED.

Signed on April 30, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge